IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| MATTHEW BAHR, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) STATE COLLECTION SERVICE, INC., ) ) Defendant. ) | No. 18-cv-02910 Hon. Sara L. Ellis |

**DEFENDANT STATE COLLECTION SERVICE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant State Collection Service, Inc. ("State Collection"), in support of its motion for judgment on the pleadings as to Count II of Plaintiff's complaint, which purports to allege a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), states as follows:

**RELEVANT BACKGROUND[1]**

Plaintiff incurred a financial obligation to Advocate Lutheran General ("Advocate") for unpaid medical services. [Pl.'s Compl., Doc. No. 1, ¶¶ 8-9.] Advocate subsequently placed Plaintiff's account with State Collection for collection. [*Id*.] State Collection thereafter sent Plaintiff letters regarding his Advocate account. [*Id*. at ¶¶ 8-13.]

On or about February 12, 2018, Plaintiff's counsel faxed a letter to State Collection. [*Id*. at ¶ 15; Declaration of Patrick D. Newman, Ex. A.] The fax stated, in pertinent part:

---

[1] State Collection accepts the facts as pled in Plaintiff's complaint for purposes of this motion only. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). State Collection reserves the right to challenge Plaintiff's allegations and recitation of factual allegations at later stages of this case, if necessary.

1

> Our office represents Matt Bahr with respect to any and all debts you seek to collect, now or in the future, until notified otherwise by our office. As legal representative for this client, all communication must be through our office, so please do not contact them directly.
>
> Additionally, our client has stated that they do not believe that the amount that you are attempting to collect is accurate. However, we will pass any settlement demands on to them.

[Newman Dec. Ex. A.]

Due to an unintentional, bona fide error—notwithstanding State Collection's maintenance of procedures reasonably adapted to prevent said error—the State Collection employee who reviewed the fax mistakenly interpreted the letter to have come from a credit repair organization, rather than a law firm. [Def.'s Ans., Doc. No. 9 at ¶ 17.] As a result, State Collection subsequently corresponded with Plaintiff directly by letter, seeking his permission to communicate with a third-party, and by phone. [Pl.'s Compl., Doc. No. 1 at ¶¶ 16-18, 21-22, 25.]

Plaintiff alleges that State Collection's subsequent direct correspondence with Plaintiff supports claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). State Collection now moves for judgment on the pleadings regarding Plaintiff's attempted TCPA claim only.

## ARGUMENT

### I. LEGAL STANDARD UNDER RULE 12(c)

A party may move for judgment on the pleadings "after the parties have filed the complaint and answer," but also "early enough not to delay trial …." Fed. R. Civ. P. 12(c); *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The

2

same legal standard applicable to motions to dismiss also governs motions for judgment on the pleadings—i.e., the complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id.*; *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In short, "[t]o survive a Rule [12(c)] motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible." *Pratt v. Everalbum, Inc.*, 283 F. Supp.3d 664, 666 (N.D. Ill. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II. THE FEBRUARY 12, 2018, FAX IS "CENTRAL" TO PLAINTIFF'S CLAIM AND THEREFORE MAY BE CONSIDERED ON THIS MOTION

On a Rule 12 motion to dismiss or for judgment on the pleadings, the "pleadings" include the complaint, the answer, and any documents that are attached to the complaint. *N. Indiana Gun & Outdoor*, 163 F.3d at 452. It is also appropriate for the reviewing court to consider "documents attached to a motion to dismiss" as "part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim," without converting the motion into one for summary judgment. *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)).

Here, Plaintiff asserts that the fax his attorney sent to State Collection revoked his prior express consent to receive calls to his cell phone. [Pl.'s Compl., Doc. No. 1 at ¶¶ 52-53.] Though he did not attach it to his complaint, Plaintiff refers to the fax throughout his complaint and paraphrases its content.[2]

---

[2] The fax is attached as Exhibit A to the Declaration of Patrick D. Newman for the Court's reference. The Newman declaration also includes copies of the correspondence at issue in the cases cited in Section III.B below concerning the revocation-of-consent issue. The

In short, the fax is referred to in Plaintiff's complaint and is central to his claim. It is therefore appropriate to consider the letter as part of Plaintiff's pleadings on this motion, without converting it to one for summary judgment.

## III. PLAINTIFF FAILED TO STATE A CLAIM UNDER THE TCPA

The TCPA prohibits a caller from making calls to a recipient's cellular telephone using an automated telephone dialing system ("ATDS") without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii); *Blow v. Bijora*, 855 F.3d 793, 798 (7th Cir. 2017); *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666-67 (2016).

Crucially, Plaintiff does not allege that he never gave prior express consent to receive ATDS calls to his cell phone. Instead, he alleges that his attorneys revoked his prior express consent by virtue of the February 12, 2018, fax they sent to State Collection:

> 52. Defendant placed calls to Plaintiff on his cellular phone using an artificial or prerecorded voice to leave messages without consent.
>
> 53. There could be no doubt as to consent given Plaintiff's attorney representation letter, sent on February 12, 2018.

[Pl.'s Compl., Doc. No. 1 ¶¶ 52-53.]

"If an individual does not revoke his or her consent … it does not expire at some point in time on its own." *Dolemba v. Kelly Servs., Inc.*, No. 16-cv-4971, 2017 WL 429572, at *3 (N.D. Ill. Jan. 31, 2017). Thus, without an effective revocation, Plaintiff has failed to state a claim under the TCPA.

---

correspondence is referenced in those cases but State Collection submits them through the Newman Declaration for the Court's ease of reference. To the extent the correspondence exhibits fall outside the definition of "pleadings" under Rule 12(c), the Court may nonetheless take judicial notice of those documents on this motion without converting it into one for summary judgment. *See, e.g., Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp.2d 764, 771 (N.D. Ill. 2011) ("a court may consider facts subject to judicial notice in the context of a motion to dismiss under Rule 12(b)(6) … [m]atters of public record, such as the content of court records, can fall within this narrow category of judicially noticeable facts.").

Because the February 12, 2018, fax is not an explicit revocation of Plaintiff's prior express consent to receive ATDS calls to his cell phone, Plaintiff's attempted TCPA claim fails as a matter of law.

### A. Revocation Must Be Explicit to Be Effective

The FCC has ruled that "a called party may revoke consent at any time and through any reasonable means … that clearly expresses a desire not to receive further messages." *ACA Int'l v. FCC*, 885 F.3d 687, 709 (D.C. Cir. 2018) (quoting *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 (2015 Declaratory Ruling)*, 30 FCC Rcd. 7989-90, ¶ 47; *id.* at 7996 ¶ 63. But revocation must be *explicit* to be effective; "implicit revocation will not do." *Welch v. Green Tree Servicing LLC (In re Runyan)*, 530 B.R. 801, 807 (Bankr. M.D. Fla. 2015); *see also Dolemba*, 2017 WL 429572, at *3, n.4 (emphasis added) (FCC 2015 Declaratory Ruling "does not allow for implied withdrawal of consent but rather requires a consumer to *explicitly* revoke consent …."); *Cholly v. Uptain Group*, No. 15-cv-5030, 2015 WL 9315557, at *3 (N.D. Ill. Dec. 22, 2015).

Put differently, the intent of the party attempting to revoke is irrelevant—only the words conveyed to the caller matter. *Welch*, 530 B.R. at 807, n.38. And those words must convey the revocation explicitly, irrespective of the called party's subjective intent. *Id.*; *see also Cholly*, 2015 WL 9315557, at *3.

### B. Plaintiff's Counsel May Have, at Best, *Implicitly* Revoked Plaintiff's Prior Express Consent

Familiar with the practice of consumer law, Plaintiff's counsel were fully capable of clearly conveying an explicit revocation of Plaintiff's prior express consent under the TCPA in the February 2018 fax, if that is what Plaintiff desired. Indeed, consumer attorneys have done so successfully in other cases. *See, e.g., Miceli v. Orange Lake Country Club, Inc.*, No. 14-cv-1602,

5

2015 WL 5081621, at *1 (M.D. Fla. Aug. 5, 2015);[3] *Martinez v. TD Bank USA, N.A.*, No. 15-cv-7712, 2017 WL 2829601, at *2 (D.N.J. June 30, 2017).[4]

But Plaintiff's counsel did not explicitly revoke Plaintiff's prior express consent through their fax. Instead, the fax included the statement that "[a]s legal representative for this client, all communications must be through our office, so please do not contact them directly." This statement—though effective in putting State Collection on notice that Plaintiff was represented by counsel—falls well short of an <u>explicit</u> revocation of Plaintiff's prior express consent to receive calls under the TCPA. If anything, it was a demand that State Collection stop making direct contact with Plaintiff in attempting to collect on the Advocate account. This does not qualify as explicit revocation under the TCPA.

---

[3] In *Miceli*, the plaintiffs' attorney sent a letter of representation to the caller, which "explicitly revoked any prior consent to call Ms. Miceli's cellular telephone …." using the following verbiage:

> This letter will serve as notice to advise your client to cease all communication with our above referenced clients' [*sic*] regarding the alleged debt referenced above. Additionally, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 (b), please cease and desist calling on their cellular telephone, phone number(s) [XXX-XXX-XXXX]. **To the extent any prior express consent to use an automatic telephone dialing system or artificial or pre-recorded voice existed when calling this cellular telephone number, it is hereby unequivocally and forever withdrawn and terminated, both by our clients' will and the laws listed above.**

*Miceli*, No. 14-cv-1602, at Doc. No. 16-1, Ex. A1 (emphasis added); [Newman Dec. Ex. B.]

[4] In *Martinez*, the plaintiff's attorney explicitly revoked the called party's prior express consent by sending a fax to the caller that stated, in pertinent part:

> Clients hereby revoke any prior express consent that may have been given to receive telephone calls, especially to Clients' cellular telephones, from an Automated Telephone Dialing System, or a pre-recorded voice, as outlined in the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*.

*Martinez*, No. 15-cv-7712, at Doc. No. 58-2; [Newman Dec. Ex. C.]

*Cholly* is instructive on this point. There, the plaintiff alleged, among other things, that a collection agency continued to call her after she revoked her prior express consent. *Id*. at *1. She specifically alleged that she revoked consent when she filed a bankruptcy petition, which gave rise to an automatic stay of collection activity and caused the bankruptcy court to send a notice of the bankruptcy filing to the collection agency. *Id*. at *1, 3.

The bankruptcy court notice to creditors in the *Cholly* matter, which was sent to the collection agency, contained the following notice:

> Creditors Generally May Not Take Certain Actions
>
> Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include **contacting the debtor by telephone, mail or otherwise to demand payment**; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; stating or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.

*Cholly* at *1, 3; *see also In re Cholly*, No. 14-28162, Doc. No. 8, p. 2 (Bankr. N.D. Ill. Aug. 4, 2014); [Newman Dec. Ex. D.]

The district court squarely rejected the plaintiff's claim that the bankruptcy notice constituted explicit revocation of prior express consent under the TCPA. *Cholly* at *3 ("According to plaintiff, the automatic stay issued by the bankruptcy court in her Chapter 7 bankruptcy proceeding effectively revoked any consent she might have given to [the collection agency] … [t]he court rejects this interpretation of the FCC's [2015 Declaratory Ruling] … plaintiff may have, at best, implicitly revoked her consent.").

Plaintiff's counsel's demand in this matter that State Collection stop all direct collection communication with Plaintiff is directly analogous to the warning to creditors—including a notation that "contacting the debtor by telephone" was prohibited—in the *Cholly* case.

7

Simply put, Plaintiff's counsel could have explicitly revoked Plaintiff's prior express consent, but failed to do so. They "may have, at best, implicitly revoked [his] consent," but that "will not do." *Cholly* at *3; *Welch* at 807. Because Plaintiff's counsel's fax did not explicitly revoke Plaintiff's prior express consent, State Collection asks that the Court dismiss Plaintiff's attempted TCPA claim pursuant to Rule 12(c).

## CONCLUSION

Based on the foregoing, State Collection respectfully requests that the Court grant its Motion for Judgment on the Pleadings pursuant to Rule 12(c), and dismiss Count II of Plaintiff's complaint as to Plaintiff's attempted TCPA claim.

          Respectfully Submitted,

          By: /s/ Patrick D. Newman
          One of Defendant's Attorneys

Patrick D. Newman
Bassford Remele
100 South 5th Street, Suite 1500
Minneapolis, Minnesota 55402
Tel. 612-333-3000
Fax 612-746-1232
pnewman@bassford.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2018, I electronically filed the foregoing Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF system, which shall send notification to all parties of record by operation of the Court's electronic system.

Dated:  June 29, 2018                                             By:  /s/ Patrick D. Newman