UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW BAHR, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 18 C 2910 |
| v. | ) ) | |
| | ) | Judge Sara L. Ellis |
| STATE COLLECTION SERVICE, INC., | ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Plaintiff Matthew Bahr brings this putative class action complaint against Defendant State Collection Service, Inc. ("SCS"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Bahr claims that SCS violated the FDCPA by sending a letter requiring him to speak with an SCS representative even after SCS received notice that Bahr had attorney representation. Bahr also claims that SCS violated the TCPA by calling his cellular telephone using an automatic telephone dialing system ("ATDS") without his express consent. SCS has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) regarding Bahr's TCPA claim. SCS argues both that Bahr failed to plead a lack of prior express consent and that he did not effectively revoke his prior express consent to phone calls under the TCPA. Because the Court concludes that Bahr's complaint does not conclusively establish the existence of prior express consent, the Court denies SCS' motion for judgment on the pleadings on Bahr's TCPA claim.

## BACKGROUND[1]

SCS, a debt collection agency, sought to collect a consumer debt from Bahr, which Bahr allegedly owed to Advocate Lutheran General, the original creditor. From November 2017 to February 2018, SCS sent Bahr a series of collection letters informing Bahr of the debt he owed. However, the letters made inconsistent assertions regarding both the account number and the amount owed. Bahr consulted with an attorney because he was confused about the discrepancies and whether he owed the alleged debt. On February 12, 2018, Bahr's attorney faxed a letter to SCS that included his and his firm's contact information and indicated that Bahr disputed the debt. In addition, the fax from counsel stated, "Our office represents Matt Bahr with respect to any and all debts you seek to collect, now or in the future, until notified otherwise by our office. As legal representative for this client, all communication must be through our office, so please do not contact them directly." Doc. 21-1 at 2.

After receiving the fax, SCS sent Bahr a letter acknowledging his counsel's letter while also stating that Bahr would need to contact SCS if he wanted SCS to discuss the account with a third party. Bahr did not respond to SCS' letter. SCS then began using an ATDS to call Bahr on his cellular phone in March 2018, calling numerous times and leaving multiple voicemails. SCS persisted in calling Bahr right to the filing of this lawsuit.

---

[1] In deciding SCS' motion for judgment on the pleadings, the Court considers Bahr's complaint and SCS' answer in the light most favorable to Bahr. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998). The Court also considers the fax attached as Exhibit A to the Declaration of Patrick D. Newman, because the fax is referenced in the complaint and central to Bahr's claims. *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.").

**LEGAL STANDARD**

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 1614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

The TCPA prohibits the use of an ATDS or prerecorded voice to call a cellular telephone without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). SCS argues that Bahr failed to plead a lack of prior express consent to receive calls from SCS using an ATDS and that Bahr's counsel's fax did not amount to an explicit revocation of prior consent as required to proceed on the TCPA claim. However, consent is an affirmative defense on which SCS bears the burden of proof, with dismissal warranted only if Bahr has pleaded himself out of court by alleging all the elements of the defense in his complaint. *See Toney v. Quality Res., Inc.*, 75 F.

3

Supp. 3d 727, 734 (N.D. Ill. 2014) (defendant bears the burden of establishing the affirmative defense of express consent, with a court able to dismiss a suit on the basis of such a defense only if it is obvious on the face of the complaint); *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012) (collecting cases noting that express consent is not an element of a plaintiff's TCPA *prima facie* case).

Here, SCS focuses on whether Bahr's counsel's fax effectively revoked prior consent. This argument assumes that Bahr did not plead that SCS lacked prior express consent to contact him using an ATDS, with SCS arguing that no other reason exists for Bahr to have alleged that his counsel's fax revoked his prior consent. But following this line of reasoning requires the Court to ignore Bahr's allegation that SCS placed calls "without consent." Doc. 1 ¶ 52. Even though Bahr's complaint also alleges that "[t]here could be no doubt as to consent given Plaintiff's attorney representation letter," *id.* ¶ 53, this does not necessarily imply that he provided prior express consent in the first place. Parties can include alternative, inconsistent allegations in their complaints, and such pleadings are sufficient to state a claim as long as one of the bases for the claim suffices. *See Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 597 (7th Cir. 2012) (no rule prohibits inconsistent pleadings in a single suit); Fed. R. Civ. P. 8(d)(2)-(3). When examined in combination, Bahr's allegations suggest that he did not provide consent to the calls and, even if he had, he properly revoked it. *See Cholly v. Uptain Grp., Inc.*, No. 15 C 5030, 2015 WL 9315557, at *2 (N.D. Ill. Dec. 22, 2015) (plaintiff could alternatively plead no consent as well as revocation of consent). At the pleading stage, where consent is an affirmative defense, Bahr's allegation that SCS made calls without consent suffices to allow his TCPA claim to proceed.[2] *Id.* (plaintiff's allegation that "neither defendant had authorization to contact

---

[2] SCS notes in a footnote in its reply that it has produced documents evidencing Bahr's prior express consent to Bahr. *See* Doc. 26 at 3 n.1. But the Court does not have these documents before it and only

4

[p]laintiff' defeated defendants' argument that plaintiff failed to plead lack of consent (alteration in original)). Having determined that Bahr's complaint does not conclusively demonstrate consent so as to require dismissal of the TCPA claim, the Court need not reach SCS' argument that Bahr's counsel's fax did not effectively revoke any prior consent. The Court leaves this determination to a later motion for summary judgment upon a more fully developed record.

## CONCLUSION

For the foregoing reasons, the Court denies SCS's motion for judgment on the pleadings regarding Count II of Bahr's TCPA claim [19].

Dated: October 30, 2018

_____
SARA L. ELLIS
United States District Judge

---

considers Bahr's complaint, SCS' answer, and counsel's fax. SCS may raise any arguments concerning the existence of prior express consent, as supported by these alleged documents, at the summary judgment stage.