IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| MATTHEW BAHR, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) STATE COLLECTION SERVICE, INC., ) ) Defendant. ) | No. 18-cv-2910 Hon. Sara L. Ellis |

**PLAINTIFF'S MOTION TO EXTEND FACT DISCOVERY CLOSE DATE**

Plaintiff Matthew Bahr, by and through his undersigned counsel, hereby respectfully requests that this Court extend the fact discovery period. In support of his motion, Plaintiff states as follows:

1. Fact discovery is scheduled to close on February 25, 2019.

2. The parties timely issued their written discovery and on October 30, 2018, this Court denied Defendant's motion for judgment on the pleadings on Plaintiff's Telephone Consumer Protection Act claims.

3. On November 16, 2018, Plaintiff's counsel issued a Rule 37.2 letter requesting further clarification of certain SCS discovery objections.

4. On or about January 7, 2019, SCS responded to Plaintiff's letter. SCS's response required follow-up and to date, the parties are now engaged in additional confirmatory discovery.

5. With Rule 37.2 communications ongoing, the parties scheduled and completed Plaintiff Matthew Bahr's deposition (on January 29, 2019) and Mrs. Bahr's deposition was scheduled for February 25, 2019.

6. The parties also began scheduling the 3 anticipated depositions of Defendant SCS. Because SCS's compliance manager changed during this litigation, SCS agreed to produce the former manager, Marc Soderbloom, without need for a formal subpoena. Further, to aid in scheduling, on

February 6, 2019, Plaintiff's counsel sent Defendant's counsel a Rule 30(b)(6) deposition notice with the categories listed so that SCS could designate and prepare the appropriate witness. The parties had informally agreed over e-mail to complete the SCS depositions on February 21st and 22nd.

7. However, in the course of continuing the parties' meet and confer obligations prior to the Defendant's depositions, new issues arose which require the Court's assistance. *See* the parties' *Joint Motion on Discovery Disputes*.

8. Accordingly, to allow sufficient time to resolve the outstanding discovery disputes, finalize deposition scheduling, and obtain class list information, Plaintiff respectfully requests a 60-day extension of time to complete fact discovery.

9. This is the Plaintiff's first request for an extension on discovery and is not brought to unduly delay this proceeding.

WHEREFORE, Plaintiff respectfully requests that this Court continue the fact discovery deadline up to and including April 26, 2019.

> Respectfully submitted,
>
> By: */s/ Stacy M. Bardo*
> One of Plaintiff's Attorneys

Bryan P. Thompson
Robert W. Harrer
Chicago Consumer Law Center, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
(312) 858-3239
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 219-6980
stacy@bardolawpc.com